UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMBROSIO MARIN and MIGUEL SANCHEZ, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WILLIAM EVANS and JUAN MARIN,

    Defendants.

NO. CV-06-3090-RHW

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE**

Before the Court is Plaintiffs' Motion to Strike Defendants' Affirmative Defense (Ct. Rec. 15) and Plaintiffs' Motion for a Preservation Order (Ct. Rec. 18). The motions were heard without oral argument.

**I.    Plaintiffs' Motion for Preservation Order**

Plaintiffs ask the Court to enter a Preservation Order for two separate pieces of evidence: (1) Plaintiffs' class 1-9 forms; and (2) all of Evans Fruit Co.'s employees' e-mails. In support of their motion, Plaintiffs rely on the fact that in a separate case involving *Zirkel Fruit Co*, the plaintiffs in that case alleged that the defendants destroyed evidence. The connection to this case is the same attorneys that represented the defendants in that case are representing Defendants in this case.

Here, it is undisputed that Defendants have taken steps to prevent destruction or spoilation of the evidence. Moreover, Plaintiffs have failed to

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE ~ 1**

establish that there is any evidence of past evidence destruction concerning the parties to the current case. Accordingly, a preservation order is not necessary. *See Capricorn Power Co. v. Siemens Westinghous Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004) (recognizing that in the absence of significant concern that evidence will be destroyed, preservation order is rarely justified).

**II.    Plaintiffs' Motion to Strike Defendants' Affirmative Defenses**

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. R. 12(f). The primary purpose of 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." A defense may be stricken if it is insufficient as a matter of law, *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) or if it fails to adequately give notice to the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A decision to strike material from the pleadings is vested to the sound discretion of the trial court. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).

Plaintiffs ask the Court to strike the Defendants' duty to mitigate defense, statute of limitations defense, and preemption defense on the grounds that these affirmative defenses: (1) do not provide adequate notice; and (2) are legally insufficient as a matter of law.

**A.    Adequacy of Notice**

Plaintiffs argue that Defendants' assertions of these affirmative defenses failed to provide them with adequate notice. The Federal Rules of Civil Procedure provide that a party must state "in short and plain terms" its "defenses to each claim asserted." Fed. R. Civ. P. 8(b). The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense. *Wyshak,* 607 F.2d at 827. A defendant need not set out in detail the facts upon which he bases his claim, but rather, must only provide fair notice of the

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE ~ 2**

claim and the grounds upon which it rests. *Id.*

Here, although Defendants have provided a fairly short and succinct listing of their affirmative defenses, it cannot be said that Plaintiffs were not given fair notice of the defense.

### B. Legally Sufficiency

Plaintiffs assert that Defendants' affirmative defenses are not sufficient as a matter of law. An affirmative defense is legally insufficient as a matter of law when it does not constitute a valid defense under the claims and facts alleged. *Gilmore,* 252 F.3d at 347. If the issue is a pure legal question, courts are generally disinclined to grant a motion to strike if there are "disputed and substantial questions of law," especially where there is no showing of prejudicial harm. *Augustus v. Bd. of Pub. Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962). Under such circumstances, the court should defer ruling on the motion and leave the sufficiency of the allegations for determination on the merits. *Id.*

#### 1. Duty to Mitigate

Plaintiffs argue that a duty to mitigate defense cannot be asserted against a RICO claim. RICO prohibits individuals or enterprises from engaging in a pattern of racketeering activity. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 (9th Cir. 2002). The purpose of RICO is to protect: (1) lawful enterprises from being utilized by individuals for unlawful purposes; and (2) the public from individuals who would use an enterprise as a tool to facilitate illegal activity. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 164 (2001). *Rotella v. Wood*, 528 U.S. 549, 557 (2000).

The Court did not find any federal case law dealing with the precise issue of whether a duty to mitigate is a legally sufficient defense against a RICO claim. Generally, when there is an unsettled area in RICO law, the federal courts can turn

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE ~ 3**

to antitrust law for guidance. *Imagineering, Inc. v. Kiewit Pacific Co.,* 976 F.2d 1303, 1311 (9th Cir. 1992). In dealing with the question of whether broad common law defenses are allowed in antitrust claims, the courts examine whether the common law defense controverts the primary purposes underlying the particular federal statute in question. *Perma Life Mufflers Inc. v. Int'l Parts Corp.,* 392 U.S. 134, 138 (1968) *rev'd on other grounds, Copperweld Corp. v. Independent Tube Corp.,* 467 U.S. 752 (1984).

Plaintiffs cite to *Perma Life* and *Bateman Eichler, Hill Richards, Inc. v. Berner,* 472 U.S. 299 (1985), for the proposition that a failure to mitigate "is not a recognized affirmative defense to RICO claims." In *Perma Life,* the Supreme Court rejected the idea that courts have the power to undermine the antitrust acts by denying recovery to injured parties merely because they were *in pari delicto,* i.e., mutually or equally at fault. 392 U.S. at 137. There, the Supreme Court indicated that it would be inappropriate to invoke broad common-law barriers to relief where a private suit served important purposes. *Id.* More importantly, however, the Court reserved ruling on whether truly complete involvement and participation could be a basis for barring a plaintiff's antitrust action because the record before the Court did not support such a finding. *Id.* at 140.

In so ruling, the Supreme Court in *Perma Life* implied that a factual inquiry would be necessary to determine whether an affirmative defense based on the plaintiff's culpability could be asserted against an antitrust claim. This conclusion finds further support in *Bateman.* Indeed, the Supreme Court in *Bateman* explicitly held that a *in pari delicto* could be asserted in a federal securities case when certain factual circumstances were present. 472 U.S. at 310-11.

Moreover, other courts have recognized the affirmative defense of failure to mitigate in claims brought under federal statutes. *See In re Visa Check/MasterMoney Antitrust Litigation* 280 F.3d 124, 149-50 (2nd Cir. 2001)

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE ~ 4**

(noting that a duty to mitigate in antitrust claims serves the important purpose of preventing plaintiffs from seeking treble damages and profiting by refusing to mitigate) (Jacobs, CJ., dissenting); *Fishman v. Estate of Wirtz*, 807 F.2d 520, 559 (7th Cir. 1987) (the plaintiff is required to mitigate damages, but the plaintiff is not required to engage in an undue risk to mitigate); *Litton Systems v. AT & T*, 700 F.2d 785, 820 n.47 (2nd Cir. 1983) (stating without explanation that a defendant has a duty to mitigate in an antitrust claim); *see also Bieter Co. v. Blomquest*, 987 F.2d 1319, 1329 (8th Cir. 1993) (appearing to operate under the assumption that a duty to mitigate is a valid defense in RICO claims).

Here, there is no case law on point that directly supports the argument that the Court should rule, as a matter of law, that the affirmative defense of failure to mitigate can never be asserted in a civil RICO claim. Even if the Court were to analogize to an antitrust case, those cases relied upon by Plaintiffs do not establish that such an affirmative defense can never be asserted as a matter of law. Instead, these cases support the conclusion that the Court should consider the facts of the case in determining whether a defendant can assert an affirmative defense at trial. Thus, the Court declines to strike this affirmative defense at this stage in the proceedings.

### 2. Statute of Limitations

Plaintiffs argue that Defendants' statute of limitation defense is legally sufficient as a matter of law and should be stricken. The statute of limitations period for a RICO civil action is four years. *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 156 (1987). The Ninth Circuit follows the "injury discovery" rule which has two components. *Grimmett v. Brown,* 75 F.3d 506, 510-512 (9th Cir. 1996). First, the four year statute of limitations period begins to run when a plaintiff knows, or should have known, of his or her injury. *Id*. at 510. Second, "a new cause of action accrues for each new and independent injury, even

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE ~ 5**

if the RICO violation causing the injury happened more than four years before." *Id.*

Plaintiffs' complaint alleges that "defendants have depressed their wages by knowingly employing vast numbers of illegal immigrants, more than 5,000 in the last four years." (Ct. Rec. 1). Plaintiffs' complaint was filed on September 29, 2006. Given that it is possible that there may be questions of fact regarding when Plaintiffs knew about the injury, and whether Plaintiffs are relying on the "new and independent injury" to assert the basis for the RICO violations that occurred prior to 2002, it is premature to strike this affirmative defense at this stage of the proceedings.

### 3.  Preemption

Plaintiffs argue that Defendants' defense that the Immigration Reform Control Act (IRCA) preempts Plaintiffs' civil RICO claim is legally insufficient as a matter of law and should be stricken. A RICO violation is established when the claimants show that they have suffered an injury caused by a pattern of racketeering activity that was perpetrated by either an (a) enterprise or (b) individual in control of an enterprise. § 1962(a)-(d). RICO defines "racketeering activity" as "any act which is indictable under the Immigration and Nationality Act, section 774 . . . committed for the purpose of financial gain." 18 U.S.C.A. § 1961(F). Section 774 is codified as § 1324 of the IRCA. 8 U.S.C.A. § 1324.

Here, Defendants' affirmative defense that the IRCA preempts RICO is legally insufficient. The Court adopts Judge Van Sickle's reasoning in *Mendoza v. Zirkel Fruit Co.*, 2000 WL 33225470 (E.D. Wash. 2000), that Congress would not have included violations of the immigration laws, including 8 U.S.C. § 1324(a), as a predicate act under RICO if had intended the IRCA to preempt civil RICO actions. Therefore, the Court strikes Defendants' affirmative defense that IRCA preempts Plaintiffs' civil RICO claims.

Accordingly, **IT IS HEREBY ORDERED**:

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE ~ 6**

1. Plaintiffs' Motion for a Preservation Order (Ct. Rec. 18) is **DENIED**.

2. Plaintiffs' Motion to Strike Defendants' Affirmative Defense (Ct. Rec. 15) is **DENIED** in part; and **GRANTED**, in part. The Court strikes Defendants' affirmative defense that IRCA preempts Plaintiffs' civil RICO claims.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED this 27th day of February, 2007.

*s/ Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR A PRESERVATION ORDER; DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO STRIKE ~ 7**