UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBROSIO MARIN and MIGUEL SANCHEZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TIM EVANS and JUAN MARIN,<br><br>　　　　Defendants. | NO. CV-06-3090-RHW<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL SOCIAL SECURITY MATCHING; MOTION TO CONTINUE DATE FOR THEIR EXPERT DESIGNATION; MOTION TO CONTINUE DATE TO COMPLY WITH DISCOVERY; GRANTING MOTION TO APPROVE PLAN FOR NOTICE TO CLASS** |

Before the Court are Plaintiffs' Motion to Compel Social Security Matching (Ct. Rec. 186); Plaintiffs' Motion to Approve Plan for Notice to Class (Ct. Rec. 189); Plaintiffs' Motion to Continue Date for their Expert Designation (Ct. Rec. 180); and Plaintiffs' Motion to Continue Date to Comply with Discovery (Ct. Rec. 183). A telephonic hearing was held on the motions on September 3, 2008. Plaintiffs were represented by Howard Foster and Greg Lighty. Defendants were represented by Scott Johnson and Brendan Monahan.

Plaintiffs are bringing a class action civil RICO claim against individual employees of Evans Fruit Company. Plaintiffs filed their action on September 29, 2006, and initially named William Evans and Juan Marin as Defendants. These Defendants answered in November 2006 (Ct. Recs. 12, 13). Plaintiffs filed a Motion for Protective Order and a Motion to Strike in December 2006 (Ct. Recs. 15, 18). The Court denied Plaintiffs' Motion for a Preservation Order and denied,

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS**
~1

in part, and granted, in part, Plaintiffs' Motion to Strike (Ct. Rec. 35).

The parties filed a Status Report on January 26, 2007 (Ct. Rec. 30). At that time, the parties indicated that Plaintiffs anticipated filing a Motion for Class Certification, while Defendants anticipated filing a Motion for Summary Judgment and a possible Motion to Stay. The parties proposed a discovery cutoff date of January 10, 2008. Plaintiffs stated that they intended to conduct discovery with respect to Defendants' personal conduct, the conduct of the alleged enterprise, Evans Fruit Co., Inc., and/or various government agencies. Defendants had asked that the date for disclosure of Plaintiffs' expert be 100 days before the discovery cutoff; Defendants' experts may be disclosed 45 days thereafter, and rebuttal expert disclosure 20 days after that. After the telephonic scheduling conference, the Court entered a Scheduling Order on March 3, 2007 (Ct. Rec. 36). The deadline for the disclosure of Plaintiffs' expert witnesses was November 29, 2007, and the discovery cutoff was February 12, 2008. A jury trial was set for May 12, 2008. The Court ordered Plaintiffs to file their Motion for Class Certification within 120 days.

On May 2, 2007, Plaintiffs filed a Motion to Compel (Ct. Rec. 39). The Court ordered Evans Fruit Company to produce the I-9 forms and no-match letters as requested by Plaintiffs. On July 3, 2007, the Court granted Plaintiffs' Motion to Vacate the Class Certification Schedule. Plaintiffs indicated that they needed the I-9 Forms and no-match letters prior to filing their Motion for Class Certification.

On October 12, 2007, the parties filed a Stipulation in which they indicated that Plaintiffs would file their Motion for Class Certification within 45 days of the Court's decision on Plaintiffs' Motion for Leave to File their First Amended Complaint. On October 23, 2007, the Court granted Plaintiffs' Motion for Leave, entered a Scheduling Order, and ordered that Plaintiffs file their Motion for Class Certification within 45 days of that date. The deadline for the disclosure of

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS**
~2

Plaintiffs' expert witnesses was extended to April 23, 2008. The discovery cutoff was July 11, 2008, and the jury trial was set for November 17, 2008.

Plaintiffs filed their Amended Complaint on November 6, 2007. The Amended Complaint added Defendant Tim Evans, who filed his answer on December 18, 2007. In the meantime, Plaintiffs filed their Motion to Certify Class on December 7, 2007, and Defendant William Evans filed a Motion for Summary Judgment on December 21, 2007. The briefing schedules for both these motions were extended pursuant to the parties' request.

On February 22, 2008, Plaintiffs filed a Motion to Vacate the Remainder of the Scheduling Order (Ct. Rec. 112). Plaintiffs indicated that it was unlikely that the necessary expert discovery would be completed by April 24, 2008, and conducting lengthy and expensive expert discovery, prior to rulings on class certification and partial summary judgment, was inefficient. Plaintiffs indicated that they intended to issue subpoenas to other area growers seeking employee and wage data and they doubted that they would receive the subpoenaed documents prior to April 24, 2008. Plaintiffs also filed a Motion for Protective Order in which they sought to stay all merits discovery until after a ruling on class certification and partial summary judgment (Ct. Rec. 117). Plaintiffs asked the Court to rule that they did not have to respond to Defendants' request for discovery concerning the cartel described by Plaintiffs in their class certification reply brief. Plaintiff argued that such discovery was expensive and may be ultimately unnecessary depending on the Court's rulings. Before the Court could rule on these motions, Defendant Tim Evans filed a Motion to Compel because Plaintiffs refused to answer his discovery requests until the Court ruled on Plaintiffs' Motion to Stay and Motion for Protective Order (Ct. Rec. 142).

On July 23, 2008, the Court entered an order granting Plaintiffs' Motion to Certify Class and granting Defendant William Evans' Motion for Summary

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS**
~3

1  Judgment (Ct. Rec. 166). The Court ordered Plaintiffs to provide their expert
2  witness discovery with 45 days, and to respond to Defendant Tim Evans'
3  outstanding discovery requests within 14 days. The discovery deadline was
4  continued to October 24, 2008, and the jury trial was continued to January 26,
5  2009.

6  Plaintiffs bring a number of motions in response to the Court's order. Each
7  of these will be addressed in turn.

**1.     Plaintiffs' Motion to Compel Social Security Matching**

Plaintiffs ask the Court to order Defendant Timothy Evans to direct Evans Fruit Company to submit the names and social security numbers of all hourly paid and piece rate employees who have been employed at Evans Fruit Company to the Social Security Administration/Department of Homeland Security to allow SSA to determine which Social Security numbers do not match up to the provided names. Plaintiffs argue that this is relevant to both liability and damages and point out that Judge Van Sickle ordered Zirkle Fruit Company to submit similar data to SSA to enable SSA to match the names and SSN of the person who worked at Zirkel Fruit, in a similar case.

Defendant Tim Evans objects on a number of grounds. Plaintiffs initially indicated to the Court that submission of the SSA could be effectuated through the E-Verify online database, but Defendant Evans has convinced the Court that it would not be appropriate for the Court to require Evans Fruit Company to join this program in order to comply with Plaintiffs' request. Defendant Tim Evans also correctly points out that Plaintiffs have not submitted a proper discovery request to Evans Fruit Company. Defendant Tim Evans is also correct that previously, Plaintiffs indicated to the Court that Plaintiffs would be conducting the "matching" from the Social Security Administration. In their briefing in support of their Motion to Compel, in which Plaintiffs were seeking to compel Defendants to

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS ~4**

Case 2:06-cv-03090-RHW   Document 221   Filed 09/11/08

produce the un-redacted I-9 forms, Plaintiffs made the following statement:

> During subsequent conversations, Evans Fruit has focused its objection on the confidentiality of the personal information contained in the I-9 forms, such as social security numbers, and offered to produce the I-9 forms with redacted information. As will be discussed, this will defeat one of the main purposes of the I-9 forms, which is to allow Plaintiffs to conduct "matching" from the Social Security Administration.

(Ct. Rec. 40, p. 6 n.5)

Also, in the same Court Record, Plaintiff made the following statement:

> Additionally, each I-9 form will contain a social security number and/or alien registration number, which Plaintiffs will submit to the SSA to conduct "matching."

*Id.* at p. 9.

The Court declines to require Evans Fruit Company to submit the names and Social Security Numbers to the Social Security Administration. Judge Van Sickle's order that directed Zirkle Fruit Company to submit the names and SSNs to the SSA is not helpful to this Court. There is nothing in the Order that indicates why Zirkle Fruit Company was required to do so, nor does it indicate whether Zirkle Fruit Company previously provided the I-9 forms to the plaintiffs in that case. Moreover, it is not clear from that Order whether the plaintiffs in that case previously indicated to the Court that they would be the ones to undertake the SSA matching. Plaintiffs sought a motion to compel to obtain the necessary information to conduct the SSA matching in May 2007 and the Court granted the motion in July 2007. Plaintiffs had the necessary information for over a year. It is not clear why they waited until now to ask the Court to require a third-party to conduct the SSA that they apparently could have done once they received the I-9 forms.

**2.    Plaintiffs' Motion to Continue Date for their Expert Designation**

Plaintiffs seek additional time to provide their expert reports. Plaintiffs give three reasons for their requested continuance: (1) they could not conduct discovery and expert analysis prior to class certification; (2) their experts needed additional

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS ~ 5**

information in order to render opinions on liability and damages; and (3) they need more time to conduct discovery against the members of the alleged cartel.

The Court declines to grant Plaintiffs' motion for the following reasons.

First, Plaintiffs have had the I-9 forms for over a year, yet their experts have done nothing to complete any kind of analysis.

Second, Plaintiffs were on notice as early as December 5, 2007, that their expert, Dr. Borjas, needed start and stop dates of employments, demographic information, and other employment records, including workers' compensation in order to render his opinion and Plaintiffs did not attempt to obtain this necessary information with due diligence.

Third, Plaintiffs filed this case almost two years ago and have received numerous extensions of the discovery and expert disclosure deadlines for various reasons. Defendants are entitled to a reasonable deposition of this case.

Finally, during the early proceedings of this case, Plaintiffs never indicated to the Court that they never intended to stay their discovery until after the Court certified the class.

**3.    Plaintiffs' Motion to Continue Date to Comply with Discovery**

In the July 23, 2008 order, the Court ordered Plaintiffs to respond to Defendant Tim Evans' outstanding discovery requests within 14 days. Instead of complying with the order, Plaintiffs filed a motion in which they are asking for additional time to respond to Defendants' requests.

The Court declines to grant Plaintiffs' motion. Plaintiffs are ordered to answer the discovery requests. Pursuant to Fed. R.Civ. P. 26, Plaintiffs have a duty to supplement the responses as soon as the evidence is obtained. Thus, the rules contemplate that the party must answer the discovery requests based on the evidence it has at the time the requests were issued, and supplement the record accordingly. Plaintiffs' argument that they need additional time to respond to

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS ~6**

allow their counsel to obtain evidence from the absent class members does not satisfy Rule 26, and merely highlights the need for Plaintiffs to supplement the record after this evidence is obtained.

4. **Plaintiffs' Motion to Approve Plan for Notice to Class**

On July 23, 2008, the Court granted Plaintiffs' Motion to Certify Class. The approved class definition is as follows:

> All persons legally authorized to be employed in the United States who have been employed by Evans Fruit Co. as either hourly wage or piece rate workers, from September 30, 2002 through the present.

Plaintiffs now present a proposed Notice to the Class. Defendants have filed a number of objections. In determining the appropriate Notice to the Class, it is difficult for the Court to address the objections when the parties have submitted separate notices. The Court will tentatively identify which proposed language of the proposed notices should be included in the joint notice and will ask the parties to confer and propose a joint Notice that is consistent with this Order. If necessary, the Court will hold a telephonic hearing in which any remaining issues can be ruled upon and a final Notice can be approved.

The Court makes the following tentative rulings:

1. TO: should include the language in Plaintiffs' proposed notice.

2. WHY SHOULD I READ THIS NOTICE? should include the language in Defendants' proposed notice.

3. TRANSLATION IN AVAILABLE should include the language in Defendants' proposed notice.

4. WHAT IS A CLASS ACTION AND WHO ARE THE CLASS REPRESENTATIVES? should include the language in Defendants' proposed notice.

5. WHO IS A MEMBER OF THE CLASS? should include the language in

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS ~ 7**

Plaintiffs' proposed notice, but the class definition should be as follows:

> Plaintiffs and all other persons legally authorized to be employed in the United States who have been employed by Evans Fruit Co. as either hourly paid or piece rate paid workers from September 30, 2002, through the present, who allege that their wages have been depressed based on the Defendants' alleged practices of hiring and harboring unauthorized aliens.

6. WHAT IS THIS LAWSUIT ABOUT? should include the language in Defendants' proposed notice.

7. WHO REPRESENTS THE CLASS? is uncontested.

8. WHAT ARE MY OPTIONS? should include the language in Defendants' proposed notice.

9. WHAT ARE MY RIGHTS AND OBLIGATIONS IF I REMAIN A MEMBER OF THE CLASS? should include the language in Defendants' proposed notice.

10. The Notice should **not** include the section ***IMPORTANT NOTE TO CLASS MEMBERS:

11. The Court declines to require Evans Fruit Company to distribute the class notice to current EFC employees.

12. The Court recognizes that Plaintiffs' proposed method of providing notice to the class may change given the Court's ruling on their Motion to Compel Social Security Matching. Plaintiffs are directed to submit a new proposal for providing notice. Additionally, Plaintiffs should provide notice through Spanish-language media.

The Court suggests the following publication plan: A notice will be published in the Yakima Herald legal section in English and Spanish every Sunday for eight weeks. The notice will also be published each week for approximately eight week in three Spanish weekly newspapers, *El Sol, Viva,* and *La Voz,* which are available in Yakima and surrounding communities. Announcements will be

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS ~8**

made in Spanish on three FM radio stations serving Yakima and surrounding communities; 91.9 KDNA - Radio Cadena, 96.9 KZTA - La Ke Buena, and 98.7 KMNA - La X.  The announcement will run once daily on Radio Cadena and three times a week on the two commercial stations for approximately 8 weeks.

The parties should confer and submit a joint proposed notice for publication.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Compel Social Security Matching (Ct. Rec. 186) is **DENIED**.

2. Plaintiffs' Motion to Continue Date for Their Expert Designation (Ct. Rec. 180) is **DENIED**.

3. Plaintiffs' Motion to Continue Date to Comply with Discovery (Ct. Rec. 183) is **DENIED**.

4. Plaintiffs' Motion to Approve Plan for Notice to Class (Ct. Rec. 189) is **GRANTED**, in part.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward copies to counsel.

DATED this 11th day of September, 2008.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

**ORDER DENYING PLAINTIFFS' MOTIONS, INTER ALIA; GRANTING PLAINTIFFS' MOTION TO APPROVE PLAN FOR NOTICE TO CLASS**
~ 9