UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMBROSIO MARIN and MIGUEL SANCHEZ, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

WILLIAM EVANS and JUAN MARIN,

    Defendants.

NO. CV-06-3090-RHW

**ORDER DENYING MOTION TO VACATE AND MOTION TO CONTINUE**

Before the Court are Plaintiffs' Motion to Vacate (Ct. Rec. 216) and Plaintiffs' Renewed Motion to Continue the Date for Their Expert Designation (Ct. Rec. 250). The motions were noted without oral argument.

Plaintiffs recently filed two motions with the Court to amend the trial date and schedule that is currently in place in the above-captioned proceedings and to extend certain deadlines. Only one is currently noted for hearing before the Court at this time. In this motion, Plaintiffs are asking the Court to vacate the trial date and provide new pretrial deadlines. In the second motion, Plaintiffs are asking the Court to extend the deadline to submit their expert designations by 90 days. This motion is noted for October 27, 2008. Due to the interrelatedness of the motions, however, the Court will hear both motions at the same time.

In its September 11, 2008 Order, the Court set forth the procedural history of this case and it will not be repeated here, except to note that this case was filed on September 29, 2006 and since that time, the pre-trial deadlines have been extended

1  and modified a number of times, and the trial date has been continued twice.

2  Notably, on July 23, 2008, the Court ordered Plaintiffs to provide their expert witness discovery within 45 days. Within days, Plaintiffs filed a motion to continue the date for their expert designation. On September 11, 2008, the Court denied Plaintiffs' motion. On September 24, 2008, Plaintiffs filed a second motion to continue the date for their expert designation. Plaintiffs do not present any new arguments in favor of the continuance.

In its Order denying Plaintiffs' motion, the Court set forth the following reasons to deny the motion: (1) Plaintiffs had the I-9 forms for over a year, yet they failed to undertake any kind of analysis of the data; (2) Plaintiffs' expert indicated that he would need additional information to complete his report in December, 2007, yet Plaintiffs failed to obtain the necessary information with due diligence; (3) Plaintiffs have already received numerous extensions to provide the expert disclosures; and (4) during the early proceedings of the case, Plaintiffs never indicated to the Court that they intended to stay their discovery until after the Court certified the class. Nothing has changed and these reasons for denying the motion remain sound.

Plaintiffs argue that since the Court denied their motion for social security matching, they had to come up with an alternative method of establishing the identity of the illegal aliens, which will take time. As the Court pointed out in its previous order, however, Plaintiffs indicated to the Court early on in these proceedings that they intended to conduct the matching and the Court relied upon this representation to grant Plaintiffs' motion to compel Defendants to produce the un-redacted I-9 forms. The argument that they now need more time to conduct this matching exercise when Plaintiffs had this information over a year ago does not justify extending the time to file their expert designations.

Plaintiffs concede that if the Court were to deny their motion to continue the date for their expert designation Plaintiffs will not be able to prove their case.

**ORDER DENYING MOTION TO VACATE AND MOTION TO CONTINUE** ~2

1 Plaintiffs, however, have known from the start of the case that they would be
2 required to prove causation in order to succeed in this lawsuit. The fact that they
3 are only now attempting to do so does not justify extending the time to file their
4 expert designations. Plaintiffs have received numerous extensions, yet failed to
5 timely undertake the necessary discovery in order to prove their case.

6     Additionally, in their Motion for a Rule 16 Scheduling Conference,
7 Plaintiffs ask the Court to conduct a scheduling conference and issue a new
8 schedule and trial date. Plaintiffs argue that Rule 16(b)(1) requires that the Court
9 conduct a hearing regarding the parties' proposals for scheduling this case since
10 the case was certified as a class action in July, 2008. In the motion granting class
11 certification, the Court granted Plaintiffs' Motion to Vacate Remainder of
12 Scheduling Order and extended the time to disclose expert witnesses and the
13 discovery deadline. The Court also continued the jury trial. In essence, the Court
14 did issue a new schedule and trial date. Although the Court does not agree that it is
15 mandated by Rule 16(b)(1) to conduct an additional scheduling conference, the
16 Court did amend the schedule to permit time to provide notice to the parties.

17     Accordingly, **IT IS HEREBY ORDERED**:
18     1.    Plaintiffs' Motion to Vacate (Ct. Rec. 216) is **DENIED**.
19     2.    Plaintiffs' Renewed Motion to Continue the Date for Their Expert
20 Designation (Ct. Rec. 250) is **DENIED**.

21     **IT IS SO ORDERED**. The District Court Executive is directed to enter this
22 Order and forward copies to counsel.

23     DATED this 10th day of October, 2008.

25     *s/Robert H. Whaley*
26     ROBERT H. WHALEY
    Chief United States District Judge

**ORDER DENYING MOTION TO VACATE AND MOTION TO CONTINUE ~3**