UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBROSIO MARIN and MIGUEL SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIM EVANS and JUAN MARIN,<br><br>Defendants. | NO. CV-06-3090-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Defendant Tim Evans' Motion for Summary Judgment (Ct. Rec. 239) and Defendant Juan Marin's Motion for Summary Judgment (Ct. Rec. 247). A hearing was held on the motions on November 25, 2008, in Yakima, Washington. Plaintiffs were represented telephonically by Howard Foster and Kristina McKennon. Defendants were represented by Scott Johnson, Brendan Monahan, and Ryan Edgley.

Defendants filed their motions on September 23, 2008. On September 30, 2008, the parties filed a Stipulation in which the parties agreed that Plaintiffs would file their responsive brief eleven days after Evans Fruit certifies by letter from its counsel that it has produced all relevant and non-privileged electronically stored information in response to Plaintiffs' outstanding subpoenas to Bill Evans and Evans Fruit. On October 10, 2008, the Court denied the parties' Stipulation and ordered Plaintiffs to file their responsive briefing on or before October 17, 2008.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** ~ 1

Rather than substantively respond to Defendants' motions, Plaintiffs filed a Rule 56(f) response arguing that they cannot fully prove liability and damages unless discovery and the trial date is continued.  This response was filed after the Court denied Plaintiffs' Motion to Vacate and Renewed Motion to Continue the Date for Their Expert Designation (Ct. Rec. 279).

In that Order, the Court noted that since the above-captioned case was filed on September 29, 2006, the pre-trial deadlines have been extended and modified a number of times and the trial date continued twice.  The Court noted that on July 23, 2008, the Court ordered Plaintiffs to provide their expert witness discovery within 45 days.  Within days, Plaintiffs filed a motion to continue the date for their expert designation.  On September 11, 2008, the Court denied Plaintiffs' motion.  On September 24, 2008, Plaintiffs filed a second motion to continue the date for their expert designation.  A similar pattern is at work here.  The Court denied the motions to continue on October 10, 2008, and within days, Plaintiffs filed yet another motion to extend the deadline to obtain discovery in order to prove their case.

Additionally, after the Court tentatively ruled on the language of the Notice, Plaintiffs filed an interlocutory appeal with the Ninth Circuit in September 16, 2008.  The Ninth Circuit summarily dismissed the appeal on November 11, 2008, ruling that the order at issue does not resolve an issue completely separate from the merits of the action and therefore is not reviewable on appeal.  Also, the Court notes that the Order was conditional in that it directed the parties to confer regarding the final notice.  Plaintiffs indicate that they wished to include a letter addressed to potential class members that sought information regarding the merits of the claims and Defendants rejected Plaintiffs request to include the letter in the notice.  Rather than ask the Court to resolve this conflict, Plaintiffs chose to file an interlocutory appeal with the Ninth Circuit.  Now, three months later, notice has still not been issued and the trial date is looming.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 2**

While the Rule 56(f) motion is labeled as such, in reality, it is another attempt by Plaintiffs to continue discovery and continue the trial date, which, as noted above, the Court has denied on several occasions. The question, then, is whether there is any additional factor the Court has not already considered that would warrant granting Plaintiffs' request to reopen discovery. The Court conclude there is not.

In prior briefing, Plaintiffs concede that if the Court were to deny their motion to continue, Plaintiffs will not be able to prove their case. As discussed in a previous Order, Plaintiffs have known from the start of the case that they would be required to prove liability and causation in order to succeed in this lawsuit. Plaintiffs have failed to provide credible evidence of liability and causation. Therefore, summary judgment in favor of Defendants is appropriate.

Also before the Court is Defendant Tim Evan's Motion to Approve Defendant Tim Evans's Proposed Plan to Provide Notice to the Class (Ct. Rec. 264). Given the procedural posture of this case, the Court declines to direct that the class be provided notice of the pending lawsuit.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Tim Evans's Motion for Summary Judgment (Ct. Rec. 239) is **GRANTED**.

2. Defendant Juan Marin's Motion for Summary Judgment (Ct. Rec. 247) is **GRANTED**.

3. Defendant Tim Evans's Motion to Approve Defendant Tim Evans's Proposed Plan to Provide Notice to the Class (Ct. Rec. 264) is **DENIED**.

4. Defendant Tim Evans's Motion to Expedite (Ct. Rec. 268) is **DENIED**.

5. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiffs.

///

///

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** ~ 3

1  **IT IS SO ORDERED**.  The District Court Executive is directed to enter this
2  Order and forward copies to counsel.
3  DATED this 23rd  day of December, 2008.
4
5                                  *s/Robert H. Whaley*
6                                  ROBERT H. WHALEY
                                   Chief United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** ~ 4